UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRENT SHERMAN,                                                                                  CV 05-08-RE

                    Petitioner,                                                        OPINION AND ORDER

     v.

EDWARD F. REILLY, Jr., Chairman, U.S.
PAROLE COMMISSION, and CHARLES
DANIELS, Warden, Federal Detention Center,
Sheridan, Oregon,

                    Respondents.
_____

REDDEN, Judge:

       Before the court is Brent Sherman's pro se Unopposed Emergency Motion for Personal

Recognizance Release (doc. 27) pending Ninth Circuit review of this court's denial of his

1- OPINION AND ORDER

petition for habeas corpus. For the reasons set forth below, the court DENIES the motion.

## Background

In 1986, Mr. Sherman was sentenced to 20 years in prison for armed robbery and 5 years for escaping from federal prison while serving a separate 20-year sentence for two previous robbery convictions in the Eastern District of California. In 1999, Mr. Sherman was paroled to the District of Oregon.

On November 17, 2004, the Parole Commission issued a parole violation arrest warrant for Mr. Sherman based on charges of sexual assault and fraud. In December 2004, Mr. Sherman was arrested on the warrant. After conducting an administrative investigation, the Parole Commission found probable cause for the arrest warrant based on the fraud charge, and the commission initiated parole revocation proceedings. On May 11, 2005, the Parole Commission concluded that Mr. Sherman committed fraud and revoked his parole. Based on Mr. Sherman's criminal history and the amount of the fraud losses, the Parole Commission set a term of 34 months in custody. Mr. Sherman is currently being held by the Bureau of Prisons at the Federal Detention Center in Sheriden, Oregon. He is scheduled to be re-paroled in October 2007.

On January 4, 2005, Mr. Sherman filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Based on the Ninth Circuit's holding in <u>United States v. Vargas-Amaya</u>, 389 F.3d 901 (9th Cir. 2004)[1], requiring supervised release violation warrants to be issued "upon probable cause, supported by oath or affirmation," Mr. Sherman argued that the Parole Commission's arrest warrant in this case violated the Fourth Amendment because it was not issued upon probable cause.

---

[1]On May 25, 2005, the Ninth Circuit denied the government's petition for rehearing en banc. <u>United States v. Vargas-Amaya</u>, 408 F.3d 1227 (9th Cir. 2005).

2- OPINION AND ORDER

After hearing oral argument, I declined to extend the Ninth Circuit's holding in <u>Vargas-Amaya</u> to cover parole violation warrants, and denied Mr. Sherman's petition for habeas corpus. See <u>Sherman v. Reilly</u>, 364 F. Supp. 2d 1216 (D. Or. 2005). In so doing, I noted that <u>Vargas-Amaya</u> did not control the outcome in this case because the Ninth Circuit was interpreting the supervised release statute, 18 U.S.C. § 3583(i), and not the parole statute that governs revocation of federal parole terms, 18 U.S.C. § 4213. While supervised release violation warrants must be issued by judicial officers upon probable cause, parole violator warrants are issued by the Parole Commission. Accordingly, courts have consistently characterized parole violator warrants as administrative warrants, which do not generally require the same formalities as criminal arrest warrants under the Fourth Amendment. <u>Id</u>. at 1218-19. On April 6, 2005, I entered judgment dismissing Mr. Sherman's petition for habeas corpus.

Mr. Sherman timely appealed, and on March 9, 2006, the Ninth Circuit Court of Appeals heard oral argument. As of this date, the Ninth Circuit has not issued a decision.

On July 25, 2006, Mr. Sherman filed this Unopposed Emergency Motion for Personal Recognizance Release pending appellate review of this court's dismissal of his habeas corpus petition. In support of the motion, Mr. Sherman maintains that he has "high probability of success" on appeal.

**Legal Standards**

Federal Rule of Appellate Procedure 23(b)(3) provides: "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision . . . may order that the prisoner be . . . released on personal recognizance . . . ." To justify release pending the resolution of a habeas petition, a petitioner must show exceptional circumstances. <u>United States v. Bell</u>, 820 F.2d 980, 981 (9th Cir. 1987). "Examples of exceptional circumstances include: (1)

3- OPINION AND ORDER

raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal." Id. (citing Untied States v. Lacy, 643 F.2d 284, 285 (5th Cir. 1981)).

## Discussion

As noted above, courts have consistently characterized parole violator warrants as administrative warrants and therefore, they are not subject to the same formalities required by the Fourth Amendment for criminal arrest warrants.  See s.g., Griffin v. Wisconsin, 583 U.S. 868, 877-78 (1987) (distinguishing administrative warrants from judicial warrants, and noting that administrative warrants may be issued on less than the probable cause required by the Fourth Amendment); Morrissey v. Brewer, 408 U.S. 471, 489 (1976) (noting that parole is unlike the criminal process and procedural due process protections may be far more flexible for a parolee); United States v. Polito, 583 F.2d 48, 54-55 (2d Cir. 1978) (deteniton of a parolee under parole violator's arrest warrant is not an arrest as defined in the Fourth Amendment); Hyser v. Reed, 318 F.2d 225, 241 (D.C. Cir. 1963) (a parole violator's arrest warrant is an "administrative warrant" and is not required to have "precisely the same formalities and safeguards as those contained in the Constitution for criminal arrest.").  In other words, probable cause supported by oath or affirmation is not required to issue a parole violator warrant.

The cases petitioner cites do not change that result.  In Valona v. United States, 165 F.3d 508 (7th Cir. 1998), the Seventh Circuit considered whether a parolee was entitled to be released from supervision after the Parole Commission violated a statutory requirement by failing to review the petitioner's status within five years of release.  In this case, Petitioner never claimed that the Parole Commission violated any statutory duty to review his case.  Thus, Valona has no bearing on whether Petitioner has a "high probability of success" on appeal, or whether parole

4- OPINION AND ORDER

violator warrants must be issued with probable cause, supported by oath or affirmation.[2]

Petitioner also notes the Ninth Circuit's denial of rehearing en banc in United States v. Vargas-Amaya, 408 F.3d 1227 (9th Cir. 2005), as support for the proposition that he has a "high probability of success" on appeal. A denial of rehearing is not persuasive or binding precedent. In any event, the Ninth Circuit's decision in Vargas-Amaya is not controlling in the present case. As noted above, the Vargas-Amaya Court was interpreting the supervised release statute, not the parole revocation statute at issue here. Furthermore, numerous cases have characterized parole violator warrants as administrative and not requiring full Fourth Amendment Protection. The denial of rehearing en banc does not change this analysis.

Whether "exceptional circumstances" exist, which would warrant the release of a prisoner pending appeal, must be determined on a case-by-case basis. United States v. Koon, 6 F.3d 561, (9th Cir. 1993). "Exceptional" means more than ordinary, and there is nothing out of the ordinary about the reasons offered by Mr. Sherman for release pending review in the present case. Id. Mr. Sherman's conclusory assertion that he has a "high probability of success" on appeal is not sufficient.

## Conclusion

For the reasons stated above, Mr. Sherman's Unopposed Emergency Motion for Personal

---

[2]On August 7, 2006, Petitioner filed a separate petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting several claims for relief based on alleged violations of his due process rights during the parole revocation proceedings. In that petition, Petitioner did argue that the Parole Commission lacked authority to reopen parole revocation proceedings. On March 28, 2006, U.S. District Court Judge Panner dismissed the petition. See Sherman v. Reilly, No. 05-1252-PA, Order Dismissing Petition (Mar. 28, 2007).

Recognizance Release (doc. 27) is DENIED. All pending motions are DENIED AS MOOT, including docs. 32 and 34.

    IT IS SO ORDERED.

    DATED this  4th  day of April, 2007.

                                   /s/ James A. Redden
                                   James A. Redden
                                   United States District Judge